UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO – EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FORUM HEALTH, et al. | : | Case No. 09-40795 |
| | : | |
| | : | Judge Kay Woods |
| Debtors. | : | |
| | : | Related to Doc. No. 1642 |

**LIMITED OBJECTION OF THE STATE OF OHIO, BUREAU OF WORKERS' COMPENSATION TO DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION**

1.  The State of Ohio, Bureau of Workers' Compensation ("BWC") hereby submits this limited objection to confirmation of the *Second Amended Plan of Reorganization (doc. 1642)* (the "Plan"), specifically Section 2.1.2(a), "Payment of Priority Tax Claims" and any and all provisions of the Plan relating thereto.

2. Paragraph 112, Defined Terms, provides "Workers' Compensation Fund" means approximately $4.1 million in cash held by the Ohio Bureau of Workers' Compensation, which funds represent monies drawn by the Ohio Bureau of Workers' Compensation from a letter of credit posted by the Debtors as security for workers' compensation obligations, plus any interest accrued thereon.

3. The second sentence in Section 2.1.2(a) of the Plan provides for application of the Workers' Compensation Fund (security held by BWC), to the BWC allowed priority tax claim which would deplete the funds prematurely so that when it comes time to pay legitimate workers' compensation claims, the funds that were posted through the Letter of Credit which should have been available to pay the claims will not be there. Such application of funds is also inconsistent with the express terms of the Letter of Credit. BWC objects to any order that would require or enable the Debtor or Committee for Unsecured Creditors to require that the proceeds from the Letter of Credit be used to pay any portion of BWC's priority claim.

4. Pursuant to O.R.C. § 4123.351(E) the Debtors were required to post additional security in a form and amount satisfactory to BWC to ensure future payments of claims to injured workers or deceased workers' families.

5. The Debtors posted with BWC the required additional security in the form of a Letter of Credit in the amount of $4,114,000.00 (the "Letter of Credit") as a condition to being permitted to operate in Ohio as a self-insured employer. The referenced sentence in Section 2.1.2(a) of the Plan provides that funds secured by the Letter of Credit should be drawn upon by BWC to pay the assessments that are included in the priority claim

filed by BWC which are excise taxes under 11 U.S.C. § 507(a)(8),[1] not claims for work-related injuries. The Debtor, and presumably the Committee for Unsecured Creditors ("CUC"), would first require BWC to draw from the Letter of Credit to satisfy BWC's priority claim before any general unsecured claims would be paid. The end result would not be a result required to be achieved pursuant to any law. The result would be self-serving to the Debtors and CUC; there would be one fewer sizable priority claim which the Debtor would have to satisfy. The funds that would otherwise have been applied to pay that priority claim would then be used to pay general unsecured claims resulting in a windfall to general unsecured claimants.

6. O.R.C. §§ 4123.35(D), 4123.351(E) and O.A.C. Rule 4123-19-03 govern the application of security that has been posted by Ohio self-insured employers as a condition to those Ohio employers continued authorization by BWC to operate in Ohio as self-insured with respect to workers' compensation liability. Section 2.1.2(a) of the proposed Plan would require this Court to impose a modification to the terms of the Letter of Credit which this Court is without power or authority to do.

7. On November 4, 2009, BWC drew down the Letter of Credit and continues to hold the proceeds thereof. As stated above, the Debtors were required by Ohio law and BWC to post the Letter of Credit with BWC pre-petition as a condition to operate as self-insuring employers in Ohio. The Letter of Credit serves as security for the payment of claims of injured workers. The sixth paragraph of the Letter of Credit provides; "It is further a condition of this Letter of Credit that it cover all injuries or occupational disease claims incurred in any period prior to and/or during the present term." If the funds from

---

[1] These assessments have been determined to constitute priority taxes; see *Ohio Bureau of Workers' Compensation v. Yoder (In re: Suburban Motor Freight, Inc., Debtor), 998 F.2d 338 (6th Cir. 1993).*

the Letter of Credit are applied to pay BWC's tax claim, the funds will not be available to pay "all injuries or occupational disease claims…."

WHEREFORE, BWC objects to confirmation of the Second Amended Plan and more particularly the second sentence of Section 2.1.2(a) of the Plan which provides for the application of the proceeds from the Letter of Credit to pay taxes.

Respectfully submitted,

Michael DeWine
Attorney General of Ohio

/s/ Donn D. Rosenblum
Donn D. Rosenblum (OH 0016552)
Principal Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, OH 43215
Telephone: (614) 728-5754
Facsimile (877) 591-5768
Attorney for Ohio Bureau of Workers' Compensation