The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: August 27 2020

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **In Re** ) | **Case No.** 09-40795 |
| ) | |
| Forum Health, et al, ) | **Chapter** 11 |
| ) | |
| **Debtors.** ) | |
| ) | **JUDGE JOHN P. GUSTAFSON** |

### ORDER RE: NOTICE REGARDING UNCLAIMED FUNDS AND REQUEST FOR INSTRUCTIONS

This cause comes before the court upon Liquidating Trustee Dalton T. Edgecomb's Notice Regarding Unclaimed Funds ("Notice"). [Doc. #2,387]. In the Notice, Liquidating Trustee states that he retains approximately $10,258.96 in unclaimed distributions and requests instructions regarding the remittance of those unclaimed funds to the court.

The Forum Health's Second Amended Chapter 11 Plan of Liquidation (hereinafter "Plan") [Doc. #1,642] was confirmed by an Order entered by the Hon. Kay Woods on July 21, 2011. [Doc. #1,730]. The Plan stated that: "Any distributions that are made on the Final Distribution Date and that are undeliverable or (in the event of a distribution made by check ) remain uncashed for 180 days after the Final Distribution Date shall be remitted to the Bankruptcy Court as unclaimed funds.". [Doc. #1,642, p. 12]. This court has jurisdiction to interpret the confirmed Plan, and such interpretation is a "core" proceeding. *See*, *Gray v. CPF*

*Associates, LLC*, 614 B.R. 96, 104-105 (D. Ariz. 2020); *In re Mountain Glacier, LLC*, 564 B.R. 314, 320 (Bankr. M.D. Tenn. 2017). Moreover, the Final Decree and Order Closing Chapter 11 Cases states: "This Court shall retain jurisdiction with respect to the Debtors' chapter 11 cases as provided for in the Plan and the Confirmation Order…". [Doc. #2,383, p. 2].

In broad terms, in Chapter 7, Chapter 12, and Chapter 13 cases, unclaimed funds are required to be "paid into the court and disposed of under chapter 129 of title 28." *See*, 11 U.S.C. §347(a).[1] However, in a Chapter 11 reorganization proceeding, §347(b) provides that such funds shall become: "property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be." While this provision might arguably apply in a liquidating Chapter 11 case, "[s]ection 347(b) may not provide a particularly satisfactory result in a liquidating chapter 11 case of a corporate debtor in which no entity acquires most of the debtor's assets and the debtor essentially ceases to exist. Although there may remain a corporate shell to which assets can be returned, doing so may serve no useful purpose." 3 Collier on Bankruptcy, ¶347.03[2], p. 347-10 (16th Ed. 2020).

The problem of what to do with funds in a liquidating Chapter 11 case is longstanding, and has been addressed in different ways by different courts. Some courts have local rules that a plan may direct the distribution of such funds to a charity. *See*, *Id*. Other courts direct that the funds be deposited into the Bankruptcy Court Registry, and treated like unclaimed funds under §347(a). *See*, *In re Premiere Holdings of Texas LP*, 393 B.R. 156, 159 (Bankr. S.D. Tex. 2008).

This case is not as difficult as *Premiere Holdings* because, unlike that case, here there is a plan provision governing the disposition of unclaimed funds. As the court in *A.G.A. Flowers* noted: "Other commentators and courts have agreed that drafters of liquidating plans should provide for disposition of unclaimed funds." *In re A.G.A. Flowers, Inc.*, 457 B.R. 884, 889 (Bankr. S.D. Fla. 2011)(recognizing the growing trend and citing Hon. Jerry W. Venters & Kyle T. Bateman, *Unclaimed Funds – What May Courts do When Reorganization Plans and Statutes Fail?*, 28 Am. Bankr. Inst. J. 18 (March 2009); *In re Premiere Holdings of Texas, LP*, 393 B.R. 156 (Bankr. S.D. Tex. 2008)).

Accordingly, it appears that the provisions of the confirmed Chapter 11 Plan were

---

[1] "Chapter 129 requires the clerk of the court to hold the funds for their owner for five years, after which they escheat to the United States Treasury." 3 Collier on Bankruptcy, ¶347.01, p. 347-3 (16th Ed. 2020).

09-40795-jpg    Doc 2388    FILED 08/27/20    ENTERED 08/27/20 16:24:18    Page 2 of 3

intended to control the disposition of unclaimed funds in this case. *See e.g.*, *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010)(confirmed Chapter 13 Plan controls). The language used appears to be intended to provide for the use of the Bankruptcy Court Registry for the deposit of the unclaimed funds, and the treatment of the unclaimed funds in this Chapter 11 liquidation in the same manner as in a Chapter 7 liquidation.

Accordingly, the Liquidating Trustee is directed to transmit the funds to the clerk of the bankruptcy court with the information required by Federal Rule of Bankruptcy Procedure 3011, and those funds will be held, and administered, under chapter 129 of title 28 of the U.S. Code.

The court will provide additional direction because: 1) unclaimed funds are transmitted by Chapter 7 and Chapter 13 trustees using electronic protocols that are not available to the Liquidating Trustee in this case; and, 2) the federal court reponse to COVID-19 has changed some of the proceedures for the manual submission of unclaimed funds to the Bankruptcy Court Registry.

Accordingly, the Liquidating Trustee is directed to do the following:

1) The unclaimed funds check[2] shall be submitted to the court by mail using the United States Postal Service, addressed to the attention of the Clerk of Court, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue, Cleveland, Ohio 44114-1235.
2) The unclaimed funds check shall be made payable to "Clerk, U.S. Bankruptcy Court"
3) The unclaimed funds check shall be submitted to the court with a case captioned unclaimed funds transmittal sheet stating the total amount of unclaimed funds being submitted, and listing each claimant's name, their associated claim numbers, and the amount for each claim.

**IT IS THEREFORE ORDERED** that Liquidating Trustee Dalton T. Edgecomb proceed to transmit the unclaimed funds to the Bankruptcy Court Registry, as set forth above, after this Order becomes final and non-appealable.

---

2/ Funds may also be submitted by Money Order.